IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENDALL RAY MILLS                                                        PLAINTIFF

v.                       Civil No. 2:18-CV-02200

ADMINISTRATOR EDDIE SMITH,                        DEFENDANTS
ASSISTANT ADMINISTRATOR ASHLEY
GRAY SMITH, SHERIFF HOLLENBECK
and DOE JAILER

**OPINION AND ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on November 28, 2018. (ECF No. 1). That same day the Court entered an Order granting Plaintiff IFP status and directing him to file an Amended Complaint by December 17, 2018. (ECF No. 3). In the Order, Plaintiff was advised that failure to comply with this Order would result in the dismissal of his case. Plaintiff filed a Notice of Address Change on December 19, 2018 (ECF No. 8), but he did not file his Amended Complaint and did not otherwise communicate with the Court. On January 9, 2019, the Court entered a second Order directing Plaintiff to file an Amended Complaint. Plaintiff did so on January 24, 2019. (ECF No. 10).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC"), Grimes Unit. His Amended Complaint addresses alleged violations of his constitutional rights

1

which occurred during his incarceration in the Sebastian County Detention Center (SCDC). (ECF No. 10). Plaintiff alleges he was "jumped" by two inmates in pod GG of SCDC. He alleges the incident and treatment occurred on May 10, 2018 through the second week of May. He suffered a broken eye socket, broken ribs, and a mild concussion from the attack. (*Id*. at 4). He was taken to the hospital emergency room and received treatment for these conditions. He alleges, however, that Defendants Hollenbeck, Eddie Smith, and Ashley Smith refused to pay for his medical bills, telling him they were his responsibility. Plaintiff argues SCDC should pay for the medical bills because he was in the care and custody of the facility when he was attacked. (*Id*. at 5-6).

Plaintiff further alleges he was placed in a cell in the medical section of SCDC and given 800 milligrams of ibuprofen twice daily from May 10, 2018 through the second week of May. (*Id*. at 6). He alleges this did not stop his pain, and when he asked form something stronger, he was denied. He names Defendants Hollenbeck, Eddie Smith, and Ashley Smith for this claim. (*Id*.). As a result, Plaintiff alleges he was in pain, had difficulty breathing, and kept getting headaches. (*Id*. at 8). He alleges Defendants would not take him back to the hospital to see a doctor. (*Id*. at 7).

Finally, Plaintiff alleges SCDC has "improper grievance procedures and protocol." (*Id*. at 8). He alleges it is not operated according to state grievance procedure, and most grievances do not receive a response because "there's really no problem solvers."[1] (*Id*.). Plaintiff proceeds against all Defendant in both their official and personal capacity. (*Id*. at 4, 6, 8). He seeks compensatory and punitive damages. He also wants the sheriff to provide him with a copy of one of his grievances, his medical records from the hospital, and the names of the officers who worked the shift during which the inmate assault occurred.

---

[1] Based on these comments, the Court will assume Plaintiff's claim is that the SCDC grievance procedure does not follow Arkansas Department of Correction grievance policies.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Doe Jailer

Plaintiff fails to allege a cognizable claim against Doe Jailer. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between Doe Jailer and his claims. Instead, he merely lists this jailer in the caption of the case. Merely listing a defendant in a case caption is insufficient to support a claim against the defendant. *Krych*

*v. Hass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)).

### B. Official Capacity Claims

Plaintiff fails to state any cognizable official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff fails to identify any policy or custom of Sebastian County which violated his rights. He, therefore, fails to state any cognizable official capacity claims.

### C. Payment of Medical Bills

Plaintiff fails to state a cognizable claim based on SCDC's refusal to pay his medical bills for the hospital emergency room visit. "Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). It is, however, constitutionally permissible for a detention center to charge a detainee the cost of medical care. In the *City of*

*Revere v. Massachusetts General Hosp.,* 463 U.S. 239 (1983), the Massachusetts General Hospital (MGH) sought to recover from the City of Revere costs of medical care provided to an individual wounded while fleeing from the City police. *Id.,* 463 U.S. at 240. The police officers summoned a private ambulance which took the individual to MGH, where he was treated in the emergency room and hospitalized for several days. *Id.*

The Court noted that both the Due Process Clause and the Eighth Amendment required the responsible governmental agency to provide medical care to persons injured while being apprehended and those in its custody. *Id.,* 463 U.S. at 244. "If . . . the governmental entity could obtain the medical care needed for a detainee only by paying for it, then it must pay." *Id.,* 463 U.S. at 245. However, the Court noted there were "other means by which the entity could meet its obligation" to provide medical care. *Id.* It concluded that "as long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law." *Id.* The Court clearly stated that "the injured detainee's constitutional right is to receive the needed medical treatment; how the [governmental entity] obtains such treatment is not a federal constitutional question." *Id.*

Thus, while jails must provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *See, e.g., Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd Cir. 1997) (deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society). Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999); *cf. Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981) (no basis for due process claim where

5

deductions from prisoner accounts were assessments for value received); *Beck v. Richards*, Case No. 4:16-CV-00495 KGB, 2017 WL 3326969, at *5 (E.D. Ark. Aug. 3, 2017) (no violation of inmate's constitutional rights to present him with the bill for his treatment at the county hospital emergency room).

In *Garcia v. Lappin*, No. 06-C-94-C, 2006 WL 897857, *3 (W.D. Wis. Apr. 4, 2006), the court aptly stated:

> Nothing in the Eighth Amendment requires the government to provide at no cost a commodity that would not be free outside the prison and that the inmate has the legal means to purchase. If a prison official withholds necessary medical care from an inmate with a serious medical need who cannot afford to pay, the official's action would violate the inmate's constitutional rights, but insisting that an inmate with sufficient funds pay for his own medical care is neither deliberate indifference nor punishment.

*Id*. at *10.

Here, Plaintiff does not allege that he was denied medical care after the inmate assault. Instead, he challenges the fact that he is being asked to pay for the medical care he received at the hospital emergency room. This does not state a claim of constitutional dimension. Plaintiff, therefore, fails to state a cognizable federal constitutional claim based on SCDC's refusal to pay his medical bill.

The Court is not unsympathetic to Plaintiff's argument that his medical bill was necessitated by injuries suffered while in SCDC custody, but his claim is not one that may be addressed as a violation of federal constitutional law in a federal court. Plaintiff should seek advice concerning his possible options under state law.

**D. Denial of Medical Care – Pain Medication and Second Visit to Emergency Room**

Plaintiff fails to state a cognizable claim for denial of medical care based on his allegation that he was only given 800 milligrams of ibuprofen twice daily and Defendants refused to take him back to the hospital emergency room. The Eighth Amendment prohibition of cruel and

6

unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on this claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id*. (internal

7

citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis[,]'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub,* 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

Plaintiff does not allege that he was denied pain medication. Instead, he states that he was given 800 milligrams of ibuprofen twice daily, and when he asked for stronger pain medication he was denied. Plaintiff does not allege that the hospital emergency room medical staff prescribed stronger pain medication. Nor does he allege that he failed to receive medical attention at SCDC, stating he was placed in a cell in the medical section of SCDC. Instead, he alleges only that Defendants refused to take him back to the hospital to see a doctor there. Thus, Plaintiff merely

8

disagrees with the medical treatment he was given. This disagreement does not state a claim of constitutional dimension. Plaintiff, therefore, fails to state a cognizable claim based on SCDC's refusal to provide stronger pain medication and the refusal to take him back the hospital emergency room.

### E. Grievance Procedures

Plaintiff fails to state a cognizable claim based on SCDC's grievance procedure, or lack thereof. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Ashann–Ra v. Commonwealth of Virginia,* 112 F.Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Lombolt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"); *Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White,* 112 F. Supp.2d 534 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd,* 3 F. App'x 23 (4th Cir. 2001).

### F. Failure to Protect

Plaintiff fails to state a cognizable failure to protect claim based solely on the fact that he was assaulted by two other inmates. Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir. 1998). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

To prevail on his failure to protect claim, Plaintiff must satisfy a two-prong test: show (1) that he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is subjective requiring Plaintiff show the official "both knew of and disregarded 'an excessive risk to inmate health or safety.'" *Id. (quoting Farmers,* 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk,* 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon County,* 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted). Further, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis.*" *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Here, Plaintiff alleges only that he was "jumped" by two other inmates who were incarcerated at SCDC. Taking Plaintiff's allegation as true, neither prong of the test was met. This is not a situation where Plaintiff was knowingly kept incarcerated under conditions posing a substantial risk of serious harm over and above the risk inherently attendant to incarceration. Instead, Plaintiff merely alleges he was assaulted by two other inmates. Plaintiff does not allege he was personally threatened by these inmates; he does not allege he had any history of threats or harm from these inmates; and, he does not allege Defendants had any reason to believe these inmates would assault him. Instead, he describes an unfortunate surprise situation. Nothing in these alleged facts rises to the level of a constitutional violation. *See Prosser v. Ross*, 70 F.3d

1005, 1007 (8th Cir. 1995) (prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another, even when officials knew the attacking inmate may be dangerous or violent).

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  The Clerk is therefore directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 1st day of April 2019.

*/s/P. K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE